IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**DONNA DAVIS** **PLAINTIFF**

v. CIVIL ACTION NO.: 3:20-cv-341-CWR-FKB

**PROGRESSIVE CASUALTY INSURANCE COMPANY** **DEFENDANT**

**COMPLAINT**
**JURY TRIAL DEMANDED**

**COMES NOW** the Plaintiff, Donna Davis, by and through counsel, Watson & Norris, PLLC, and files this action to recover damages for violations of her rights under the Age Discrimination in Employment Act (ADEA), against the Defendant, Progressive Casualty Insurance Company. In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

**THE PARTIES**

1. Plaintiff, Donna Davis, is an adult female citizen resident of Hinds County, Mississippi.

2. Defendant, Progressive Casualty Insurance Company, is an Ohio Corporation doing business in the State of Mississippi that may be served with process through its registered agent: C T Corporation System of Mississippi, 645 Lakeland East Drive, Suite101, Flowood, MS 39232.

**JURISDICTION AND VENUE**

3. This Court has federal question and civil rights jurisdiction for actions that arise under the ADEA.

4. This Court has personal and subject matter jurisdiction over the Defendant

and venue is proper in this Court.

5. Plaintiff timely filed a Charge of Discrimination with the EEOC for Age Discrimination on July 10, 2019, a true and correct copy of which is attached as Exhibit "A." The EEOC issued a Notice of Right to Sue on February 19, 2020, a true and correct copy of which is attached as Exhibit "B."

## STATEMENT OF FACTS

6. Plaintiff is a 68-year old black female from Hinds County, Mississippi.

7. Plaintiff was hired by the Defendant as a Senior Claims Specialist in November of 1999.

8. Plaintiff was the oldest employee in her entire unit.

9. In April, 2017, Plaintiff was placed under a new Supervisor, Kimberly Sartin, a female in her late 30's.

10. Ms. Sartin, in the time that Plaintiff was under her supervision, terminated, Tina (LNU), in her 50's, and replaced Tina with a much younger female in her 30's.

11. Ms. Sartin, systematically got rid of just about everyone in Plaintiff's entire original unit, replacing them with younger applicants.

12. During Plaintiff's employment with the Defendant, Plaintiff had only been written up once, and that was seven years ago.

13. Plaintiff maintained good performance evaluations and was never denied an annual raise with the Defendant until Ms. Sartin became Plaintiff's supervisor.

14. In March of 2019, Ms. Sartin wrote Plaintiff up, accusing Plaintiff of noncompliance related to making sure that all known trial dates were on the Trial Calendar in the database.

15. In fear of being terminated if she did not sign it, Plaintiff signed the write up.

16. Plaintiff was later given a written warning and eventually Plaintiff was terminated on June 28, 2019.

17. Although Plaintiff was a faithful and productive employee at Progressive for nearly 20 years, no severance package was offered to Plaintiff when the Defendant terminated her.

18. Plaintiff has been discriminated against because of her age, in violation of the ADEA.

19. Defendant replaced Plaintiff with Jeddie Carver who is in her late 30's or early 40's and is substantially younger and less qualified than Plaintiff.

## CAUSES OF ACTION

### COUNT I:  VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT

20. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 19 above as if fully incorporated herein.

21. Defendant unlawfully discriminated against Plaintiff because of her age, 68.  At age 68, Plaintiff was within the protected age category of the ADEA. Plaintiff was more that qualified for her position as Senior Claims Representative-Litigation. Plaintiff suffered an adverse employment decision, i.e., termination. Defendant replaced Plaintiff with a substantially younger female.  As such, Plaintiff has established a *prima facie* case of age discrimination.

22. Plaintiff has been harmed as a result of this willful age discrimination, and the Defendant is liable to Plaintiff for the same.

23. The acts of Defendant constitute a willful intentional violation of the ADEA and entitle Plaintiff to recovery of back wages, reinstatement or front pay in lieu of reinstatement, and liquidated damages.

24. As a direct and proximate result of the acts and omissions of the Defendant described above, Plaintiff has suffered lost wages and benefits.

## PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED,** Plaintiff respectfully prays that upon hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury:

1. Back pay;
2. Reinstatement or front pay in lieu of reinstatement;
3. Lost benefits;
4. Liquidated damage;
5. Pre-judgment and post-judgment interest;
6. A tax gross-up and all make whole relief;
7. Attorney's fees;
8. Costs and expenses; and
9. Any other relief the court deems appropriate under Title VII, 42 U.S.C. § 1981 and/or the ADEA.

THIS the 14th day of May 2020.

Respectfully submitted,

DONNA DAVIS, PLAINTIFF

By: /s/Louis H. Watson, Jr.
Louis H. Watson, Jr.  (MB# 9053)
Nick Norris (MB# 101574)
Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
1880 Lakeland Drive, Suite G
Jackson, MS 39216
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
Email: louis@watsonnorris.com
Web:   www.watsonnorris.com

5